## Kaufmann *v.* Kaufmann, Appellant.

*Divorce—Decree— A mensa et thoro—Act of April 11, 1862, P. L. 430—Petition and rule to show cause why decree should not be annulled—Suspension of alimony.*

On the facts in this case, and the Act of April 11, 1862, P. L. 430, reconciliation will not be ordered on petition of husband divorced from his wife a mensa et thoro. But mere absence from the jurisdiction of the court is no reason to dismiss the petition. If a proper reason for libellant's presence or other action by her is presented, an appropriate order may be made conditioned that if she does not appear within reasonable time, the payment of alimony under the original decree shall be suspended until the further order of the court.

Argued April 30, 1923.   Appeal, No. 88, April T., 1923, by petitioner, from order of C. P. Allegheny Co., April T., 1920, No. 1750, discharging a rule to show cause why a decree should not be entered directing and requiring libellant to return to and cohabit with the respondent, or why the decree in divorce a mensa et thoro should not be discharged and annulled, in the case of Selma J. Kaufmann v. Nathan Kaufmann.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Rule upon libellant to show cause why a decree should not be entered directing and requiring the said libellant to return to and cohabit again with the respondent, or why the decree in divorce a mensa et thoro should not be discharged and annulled, and why an order should not be entered, pending the final determination of the cause, directing the libellant to permit the respondent to see and visit his infant son, in the custody of the libellant, within the County of Allegheny, State of Pennsylvania, at such times as the court should deem reasonable.   Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Petitioner appealed.

*Error assigned* was the order of the court.

*J. R. Miller,* and with him *Louis Caplan,* and *Patterson, Crawford, Miller and Arensberg,* for appellant.

*Thomas M. Marshall, Jr.,* and with him *Thomas M. Marshall,* for appellee.

OPINION BY LINN, J., July 12, 1923:

On March 1, 1922, petitioner, against whom a decree in divorce, a mensa et thoro, had been entered July 8, 1920, asked for an order requiring the libellant "to return to,

and cohabit again with,......petitioner, and suspending the decree [of divorce]......or, in case of the refusal [of petitioner]......discharge and annul the said decree......" The court below granted a rule to show cause returnable May 1, 1922, which was duly answered by respondent. Depositions of both parties and witnesses were taken and considered. On June 27, 1922, the rule was discharged and the petition dismissed. We are asked to review that action.

The cause of divorce was adultery. The petition is based on the Act of April 11, 1862, P. L. 430, supplementing the Act of February 26, 1817, 6 Sm. L. 405. The Act of 1817 authorizes a divorce from bed and board for malicious abandonment, turning a wife out of doors, cruel and barbarous treatment or indignities to the person, etc., with alimony until reconciliation, "or until the husband shall, by his petition or libel, offer to receive and cohabit with her again, and to use her as a good husband ought to do, and then in such case the court may either suspend the aforesaid sentence or decree, or in case of her refusal to return and cohabit under the protection of the court, discharge and annul the same according to their discretion......" The Act of April 11, 1862, P. L. 430, added adultery as a cause for divorce: "That in addition to the several causes mentioned in the act or acts to which this is a supplement, for which a married woman may obtain a divorce from the bed and board of her husband, with allowance of alimony, shall be that of adultery." Concerning the decree, it provides: "which decree the said court shall have the power to enforce, suspend, or discharge and annul, in the same manner as the said court may now enforce, suspend or discharge and annul its decrees, under and by virtue of the said acts or either of them."

Respondent's answer to the petition submits herself to the order of the court, but alleges reasons for the petition's refusal. There was evidence supporting her allegations, but it is unnecessary here to detail either.

Nor is it necessary in this appeal to determine how extensive the court's power may be over a decree in divorce a mensa et thoro based on adultery. We all agree the evidence requires that the petition be dismissed.

But to avoid misapprehension of the effect of this affirmance, it seems desirable to notice another prayer in the petition. Petitioner also asked that pending final determination of the petition, he should be allowed to visit his infant son within Allegheny County at reasonable times. The record states that libellant with their son was in Germany, having gone there with libellant's mother, who materially contributes to libellant's support, and who required treatment for illness. In dismissing the petition on the merits and without referring to petitioner's request to see his son, the court below gave as one reason for its action, that "As the libellant now resides in Germany, it is obvious that a decree directing her to return would be unenforceable......" That is inaccurate; if a proper reason for libellant's presence, or other action by her, is presented, an appropriate order may be made conditioned that if she does not appear within reasonable time, the payment of alimony under the decree of July 8, 1920, shall be suspended until the further order of the court.

Order affirmed.